Tompkins, J.,
delivered the opinion ,of the Court.
Cook commenced an action of ejectment against Johnson for certain lands lying in St. Francois county. The case was transferred from that county to St. Louis Circuit Court, because the Judge of the Circuit Court in which the suit was commenced was related to the plaintiff. The judgment of the Circuit Court of St. Louis county was against the claim of Cook, and now he appeals to this Court to reverse that judgment.
On the trial of the cause in the Circuit Court it was proved that Cook and Johnson agreed to exchange lands. The lands of Johnson lay in the county of Cape Gi-rardeau ; and those which Cook agreed to give in exchange lay in the county of St. Francois. On the 8th day of November, 1827, Cook made to Johnson a covenant in the words following: c: Know all men by these presents, that in consideration of an agreement by deed made between myself and John Johnson of Cape Girardeau county, Missouri, to convey to me a tract of land in said county in exchange for the land herein mentioned, which I agree to exchange therefor, I do hereby covenant and agree as follows, that I have,” &c. He then sets out his equitable claim to several tracts of land, and then adds, a now I hereby hind myself, my heirs and assigns, to make or cause to be made to the said John Johnson, his heirs and assigns forever, a good and sufficient deed of conveyance in fee simple to three hundred acres of land, Which I claim as aforesaid, to he taken off as follows,” (here follows a description of *173 She lands agreed to he exchanged,) “ it is agreed that Johnson may take possession of the land hereby agreed to be conveyed immediatety, except that part which I claim from the bond of said Kinkaid. Said Johnson is also to he protected in the quiet possession, and I am to make him a deed in due form of law to the land agreed to be conveyed so soon as I can conveniently get a complete title from the said Kin-kaid, which shall at all events be within two years.” The covenant of Johnson to convey to Cook was a copy of the above except in the description of the parties and of the lands agreed to be exchanged. Cook afterwards procured complete titles to the several tracts of land composing the tract of three hundred acres, which he covenanted to convey to Johnson: that is to say, he obtained patents from the Uniled States for some and a deed from Kinkaid for the portion which Kinkaid had agreed by his bond to convey.
The deed of Kinkaid to Cook was dated the 5th November, 1829, acknowledged on the 6th day of that month, but not filed for record till the 24th. On the 7tb, 8th and 9th days of the last mentioned month, Cook tendered to Johnson a deed for the three hundred acres of land which he had, as above stated, covenanted to convey to him, and offered to deliver the same to him if he would then and there perform his covenant aforesaid by him made to the said plaintiff. The land conveyed to Cook by the above mentioned deed of Kinkaid, constituted a part of this tract of three hundred acres. When the tender of Cook’s deed was made to Johnson on the 7th November, he admitted that he was not then ready to perform his covenant; but when the tender was again made on the 9th day, Johnson tendered Cook a deed for two hundred and fifty acres, which Cook refused. The defendant then moved the Court to instruct the jury, that on the case made out the plaintiff could not recover, and the Coutí gave such instructions. To this opinion of the Court the plaintiff excepted and assigned it for error.
On the part of the appellant, it is contended that if the covenants are depend-ant, that Cook having tendered a deed in conformity with his agreement and Johnson not being in a situation to comply with his part of the contract, Cook may rescind it and bring his action of ejectment for the land he had given into Johnson’s possession.
But should the covenants be considered independent, then the plaintiff’s legal title must prevail over the equitable title of the defendant, and that the plaintiff’s covenant for the defendant’s quiet enjoyment of the possession did not avail him after the lapse of the two years within which their deeds were respectively in have been made. This Court believes that the covenants of Cook and Johnson arc mutual and independent, and that either party may recover damages from the other for the injury he may have sustained, by non-performonce.
The dependence or independence of covenants is to be collected from the evident sense and meaning of the parties, and however transposed they may be in the deed, their preceding must depend on the order of time in which the intent of the transaction requires their performance. See 1 Chitty Pleadings, p. 311. With this view of the case, it seems unnecessary to decide on the sufficiency of the title which Cook tendered to Johnson. The covenants being considered as independent of each other the appellant has nothing to rest on hut his legal title, which he contends must prevail over the equitable title of the defendant, his covenant lor quiet possession enduring, as he contends, only for two years. By the covenant, as above stated, Cook agreed to convey at all events within two years to Johnson, and according to the terms of *174 the covenant^ there seems to he no other consequence of a failure than the forfeiture of five hundred dollars, for which, as far as we can see, he relies on the personal security of Johnson ; and in a preceding part of the covenant he had said, “ said Johnson is to he protected in the quiet possession without limiting the time of the protection. Here it will also he recollected that the consideration moving Cook to make this covenant was an agreement by deed made between himself and Johnson to convey, &c., two covenants both independent of each other and both to be performed in two years at least. To us it seems that as the parties have not themselves limited the time the covenant for quiet possession is to- endure, and as neither of them seems to have provided for any other consequence than a payment of damages by the person failing to convey within the two years, the covenant for quiet enjoyment is still in force, and if such be the case, the legal title of the plaintiff avails him nothing. Right on the demise of Green v. Proctor is a case in point. See 4 Burrow 2208.
The judgment of the Circuit Court is, therefore, affirmed.